IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-104-D
No. 4:13-CV-202-D

| | |
|---|---|
| WALTER TERION BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 29, 2013, Walter Terion Brown ("Brown") moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [D.E. 42]. On December 9, 2013, the government moved to dismiss Brown's section 2255 motion [D.E. 47]. On February 5, 2014, Brown responded in opposition to the government's motion [D.E. 52]. As explained below, the court grants the government's motion to dismiss.

I.

On January 22, 2013, Brown pleaded guilty, pursuant to a plea agreement [D.E. 26], to one count of possession with the intent to distribute 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 1, 25]. On June 18, 2013, the court sentenced Brown to 108 months' imprisonment. See [D.E. 39]. Brown did not appeal, and his time to do so expired no later than July 2, 2013, at which point his judgment of conviction became final. See Fed. R. App. P. 4(b)(1); Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001).

Brown makes three claims in support of his request that this court vacate, set aside, or correct his sentence. First, Brown claims that his guilty plea is invalid in light of Alleyne v. United States,

133 S. Ct. 2151 (2013). See [D.E. 42-1] 1–3. Relatedly, Brown claims that his attorney provided ineffective assistance by failing to advise him that he could withdraw his guilty plea based on Alleyne and to inform him of the effects the decision had on his case. See id. 3–4. Finally, Brown claims that the court improperly delegated to the Bureau of Prisons ("BOP") its authority to set the amount and timing of his restitution payments. See id. 5–6; [D.E. 53]. In response, the government moves to dismiss Brown's section 2255 motion for failure to state a claim upon which relief can be granted. [D.E. 47]; see Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Furthermore, in evaluating Brown's claims, the court

2

must accept his factual allegations as true, except to the extent those allegations contradict his prior sworn statements to the court. See United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005).

First, Brown contends that his guilty plea is invalid in light of Alleyne. See [D.E. 42-1] 1–3. Specifically, Brown argues that his indictment did not allege the drug quantity for which he was held accountable at sentencing. See id. 2. The government responds that the court should enforce the appellate waiver in Brown's plea agreement and dismiss this claim. See [D.E. 48] 4. In his plea agreement, Brown agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [his right to appeal] based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." [D.E. 26] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). At his Rule 11 hearing, Brown affirmed that he had read and discussed his plea agreement with his lawyer, and after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up through the waiver. See Arraignment Tr. [D.E. 54] 21–22. Thus, Brown's waiver was valid.

3

In his waiver, Brown agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [his right to appeal] based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." [D.E. 26] ¶ 2.c. Thus, the claim Brown raises in his section 2255 motion about the validity of his guilty plea is within the scope of his waiver and is dismissed.

Alternatively, Alleyne does not help Brown. Simply put, Alleyne does not apply retroactively on collateral review. See, e.g., In re Mazzio, No. 13-2350, 2014 WL 2853722, at *2–3 (6th Cir. June 24, 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).

Alternatively, even if Alleyne did apply retroactively, it would not help Brown. Alleyne holds that any fact supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155. Brown's indictment alleged the drug type and quantity—28 grams or more of crack cocaine—that subjected Brown to a five-year mandatory minimum sentence. [D.E. 1]; see 21 U.S.C. § 841(b)(1)(B). Brown knowingly and voluntarily waived his right to a jury determination of this fact by pleading guilty, and his guilty plea satisfied the government's burden of proof. Arraignment Tr. 24–26; see, e.g., United States v. Booker, 543 U.S. 220, 244 (2005); United States v. Hood, 545 F. App'x 557, 560 (7th Cir. 2013) (per curiam) (unpublished). Moreover, Alleyne has no impact on a

court's ability to apply the advisory sentencing guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, No. 12-4522, 2014 WL 2109806, at *11-12 & n.4 (4th Cir. May 21, 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, No. 10-1524, 2014 WL 1856762, at *5-6 (1st Cir. May 9, 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583-84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707-08 (7th Cir. 2013). Accordingly, Brown's Alleyne claim fails.

Next, Brown contends that his attorney provided ineffective assistance by failing to advise him that he could withdraw his guilty plea based on Alleyne and to inform him of the effects the decision had on his case. See [D.E. 42-1] 3-4. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687-91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535-36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296-97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th

5

Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Brown's claim of ineffective assistance of counsel fails because he bases it on two false premises: that he could have withdrawn his guilty plea in light of Alleyne, and that Alleyne impacted his case. As for Brown's first contention, Brown knowingly and voluntarily pleaded guilty to one count of possession with the intent to distribute 28 grams or more of cocaine base (crack), and Alleyne does not change this fact. See Arraignment Tr. 24–26; United States v. Nicholson, 676 F.3d 376, 383–84 (4th Cir. 2012) ("[W]hen a district court considers [a] plea withdrawal motion, [its] inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." (quotation omitted)). As for Brown's second contention, Brown's indictment alleged the drug type and quantity—28 grams or more of crack cocaine—that subjected Brown to a five-year mandatory minimum sentence, and Brown remained subject to a five-year mandatory minimum sentence despite the fact that the drug type and quantity for which the court held him accountable at

6

sentencing—441.15 grams of crack cocaine—supports a ten-year mandatory minimum sentence. Presentence Investigation Report ("PSR") [D.E. 30] ¶¶ 49, 59; see 21 U.S.C. § 841(b)(1)(A). Indeed, the court sentenced Brown to 108 months' imprisonment. See [D.E. 39]. In short, Brown has failed to plausibly allege deficient performance or prejudice flowing from his attorney's failure to inform him of a course of action he could not take, or an impact Alleyne did not have. See, e.g., Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010). Accordingly, the court dismisses his claim of ineffective assistance of counsel.

Finally, Brown contends that the court improperly delegated to the BOP its authority to set the amount and timing of his restitution payments. See [D.E. 42-1] 5–6; [D.E. 53]; United States v. Miller, 77 F.3d 71, 77–78 (4th Cir. 1996); United States v. Johnson, 48 F.3d 806, 807–09 (4th Cir. 1995). This claim falls within the scope of Brown's appellate waiver because it does not involve ineffective assistance of counsel or prosecutorial misconduct not known to Brown at the time of his guilty plea. See [D.E. 26] ¶ 2.c. Alternatively, Brown's claim fails on the merits. The court did set the amount and timing of Brown's restitution payments by ordering payment of $2,160, due immediately. [D.E. 39] 6; see United States v. Caudle, 261 F. App'x 501, 503–04 (4th Cir. 2008) (per curiam) (unpublished); Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (per curiam) (unpublished); Simpson v. United States, No. 5:99-CR-127-BO-3, 2005 WL 5166435, at *1 (E.D.N.C. Nov. 4, 2005) (unpublished), aff'd, 202 F. App'x 621, 621 (4th Cir. 2006) (per curiam) (unpublished). When a sentencing court orders immediate payment of court-imposed restitution, the BOP has the discretion to place an inmate in the Inmate Financial Responsibility Program. See Caudle, 261 F. App'x at 504; Coleman, 133 F. App'x at 53. Thus, the court dismisses Brown's impermissible-delegation claim.

7

After reviewing the claims presented in Brown's motion, the court determines that reasonable jurists would not find the court's treatment of any of Brown's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 47], DISMISSES Brown's section 2255 motion [D.E. 42], DENIES Brown's motion for an amended judgment and commitment order [D.E. 53], and DENIES as moot Brown's motion for a free copy of his case file [D.E. 46]. The court also DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 26 day of June 2014.

*JAMES C. DEVER III*
Chief United States District Judge