IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-104-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WALTER TERION BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

On January 22, 2013, pursuant to a written plea agreement, Walter Terion Brown ("Brown") pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base (crack). See [D.E. 1, 25, 26, 54]. On June 18, 2013, the court held Brown's sentencing hearing. See [D.E. 38, 39]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 30]. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Brown's total offense level to be 31, his criminal history category to be V, and his advisory guideline range to be 168 to 210 months' imprisonment. See [D.E. 40] 1. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Brown to 108 months' imprisonment. See [D.E. 39]. Brown did not appeal.

On May 22, 2015, Brown moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 64]. Brown's new advisory guideline range is 140 to 175 months' imprisonment, based on a total offense level of 29 and a criminal history category of V. See Resentencing Report. Brown requests a 90-month sentence. See id.

The court has discretion to reduce Brown's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th

Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in serious criminal behavior. See PSR ¶¶ 8–11. Moreover, Brown is a recidivist, with convictions for possession of drug paraphernalia, possession of marijuana (two counts), possession with intent to sell and deliver cocaine, possession of a firearm by a felon, fleeing or eluding arrest with a motor vehicle, breaking and entering, and assault with a deadly weapon. See id. ¶¶ 16–24. Brown also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 16–17, 19, 39–44. Finally, Brown has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Brown received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Brown's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Brown's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Brown's motion for reduction of sentence [D.E. 64]. Brown's motion to expedite [D.E. 67] is DISMISSED as moot.

SO ORDERED. This 17 day of July 2017.

                                                  JAMES C. DEVER III
                                                  Chief United States District Judge